## No. 12

## CURTIS v. STATE

Ohio Supreme Court
No. 17807. Decided June 19, 1923

801. MUNICIPAL LAW—Statutory provisions for notice inapplicable where civil service employee is laid off for lack of funds.

85. APPEALS—No appeal from action of appointing authority under civil service except on statutory grounds.

233. CIVIL SERVICE—Civil service employee temporarily laid off entitled to preference in reinstatement—Purposes of civil service rules stated.

MARSHALL, C. J.

### Epitomized Opinion

First Publication of this Opinion

This was a proceedings in mandamus brought by the relator, Catherine Morgan, in the Stark County Common Pleas. The action was against the mayor of Canton, Ohio, and others. Morgan had been appointed police matron, but some time after her appointment was laid off because of insufficient funds. She was laid off by the Safety Director at the request of the mayor. No written notice was given to relator, but written notice was sent to the Civil Service Commissioner. This action was brought to compel the mayor to reinstate

## OHIO SUPREME COURT —Continued

her. Judgment denying the writ was reversed by the Court of Appeals. In reversing the judgment of the Court of Appeals, the Supreme Court held, in its Official Syllabus, as follows:

1. Where an employee in the classified service of a municipality is temporarily laid off by the safety director in the interest of economy and for the sole reason of the lack of sufficient funds with which to pay salaries of the entire working force in such department, the statutory provisions for written notice to such laid-off or suspended employee and for opportunity to make and file an explanation have no application.

2. No appeal lies from the action of the appointing authority, except in cases of removal on the grounds set forth in GC. 486-17a.

3. In all cases of temporary lay-off or suspension of a municipal employee in the classified service, such suspended or laid-off employee retains title to the office or position, and is entitled to be reinstated therein, upon the same being again refilled, in preference to all persons.

4. The fundamental purpose of civil service laws and rules is to establish a merit system, whereby selections for appointments in certain branches of the public service may be made upon the basis of demonstrated relative fitness, without regard to political considerations, and to safeguard appointees against unjust charges of misconduct and inefficiency, and from being unjustly discriminated against for religious or political reasons or affiliations. Those laws and rules may not be invoked by an appointee, where no discrimination is claimed and no charges have been made involving misconduct, inefficiency, or other delinquency.

Attorneys—Thos. M. Miller, Solic., and James E. Kinnison, Canton, for Curtis; William B. Quinn, Canton, for State.